**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KELLY SEVILLE<br>Plaintiff,<br>v.<br>EQUIFAX INFORMATION SERVICES, LLC<br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, KELLY SEVILLE ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and states the following:

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Bucks County, Pennsylvania, within this District, where Plaintiff resides and where Plaintiff received the disclosure at issue.

## PARTIES

4. Plaintiff is a natural person residing in Bucks County, Pennsylvania, and a "Consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

5. Equifax is a Georgia limited liability company with a principal business address of 1550 Peachtree St NW, Atlanta, GA 30309.

6. Equifax is registered to conduct business in the Commonwealth of Pennsylvania, where its registered agent is Corporation Service Company, 5235 North Front Street, Harrisburg, PA 17110.

7. Equifax is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce, including the mail and internet, for that purpose. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Plaintiff's July 2026 Consumer Disclosure

8. On or about July 28, 2026, Plaintiff requested a copy of her consumer credit disclosure from Equifax.

9. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of her request.

10. Equifax provided a copy of Plaintiff's *Consumer Disclosure* ("Equifax's Disclosure") to her, confirmation number 6209565017.

**Equifax's Disclosure Was Not Complete, Clear, or Accurate**

**Missing Original Creditor**

11. Equifax's Disclosure listed three tradelines reported by debt buyers: LVNV FUNDING LLC — account number ending in 8114, with a reported balance of $1,065; LVNV FUNDING LLC — account number ending in 4873, with a reported balance of $505; and CREDIT CORP SOLUTIONS INC — account number ending in 4049, with a reported balance of $1,104 (collectively, the "Debt Buyer Accounts"). **See Exhibit A.**

12. Equifax's own Disclosure classified each of the Debt Buyer Accounts as a "Debt Buyer Account."

13. LVNV Funding LLC and Credit Corp Solutions Inc. are debt buyers — companies whose business is purchasing and collecting debts originally owed to third parties. None of them is ever an *Original Creditor*.

14. Despite classifying each of the Debt Buyer Accounts as a debt buyer account, Equifax's Disclosure omitted any Original Creditor name for any of the three accounts.

15. Equifax's Disclosure demonstrates its capability to disclose an Original Creditor when the information is populated into its system: elsewhere in Plaintiff's file, in the Collections section, Equifax identified "ALLSTATE IN COMPANY" as the Original Creditor for a Credit Collections tradeline, "COMPASS SELF STORAGE" as the Original Creditor for a Collecion Bureau of America tradeline, and "PROGRESSIVE" as the Original Creditor for a Caine & Weiner Company Inc. collection tradeline.

16. Equifax's failure to identify the Original Creditor for the Debt Buyer Accounts, while disclosing that information for other tradelines in the same file, demonstrates that Equifax had the capacity to comply with 15 U.S.C. § 1681g(a) but failed to do so as to the Debt Buyer Accounts.

**Missing Account Status and Full Account Numbers**

17. Equifax's Disclosure left the "Status" field blank for each of the Debt Buyer Accounts, despite reporting a current balance and monthly derogatory payment history codes ("C" — Collection Account) for each. **See Exhibit A.**

18. A consumer reviewing the Debt Buyer Accounts cannot determine, from Equifax's Disclosure, whether the accounts are open, closed, disputed and resolved, or otherwise currently postured, because Equifax provided no account status designation for any of them.

19. Equifax's Disclosure also omitted the full account numbers for the Debt Buyer Accounts, disclosing only truncated numbers ending in 8114, 4873, and 4049, respectively.

20. Upon information and belief, LVNV Funding LLC and Credit Corp Solutions Inc. each reported full account numbers to Equifax, and this information was contained in Equifax's file on Plaintiff at the time of her request.

21. The omission of the Original Creditor, full account number, and account status for the Debt Buyer Accounts left Plaintiff unable to identify, research, or verify the true nature, origin, and status of these tradelines against her own records.

22. The failure to disclose all such information violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019).

23. The failure of an entity to provide accurate and truthful information as required by law creates an injury-in-fact sufficient for Article III standing. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982).

24. The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("CDIA"), a trade association representing CRAs including Equifax, states that the purpose of reporting the original creditor name is to help consumers identify the source of accounts appearing on their credit reports, and that without it, consumers may not know what the accounts represent. **See Exhibit C.**

25. Pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), a CRA that scrambles or truncates account numbers does not technically comply with Section 609 of the FCRA because it fails to provide "accurate" and "clear" disclosure of "all information" in the file. **See Exhibit B.**

26. Equifax's omission of the Original Creditor, account status, and full account numbers for the Debt Buyer Accounts greatly decreased Plaintiff's ability to understand her consumer credit disclosure, identify the accounts, and compare them against her own records, causing her frustration and emotional distress.

27. Plaintiff has hired the undersigned counsel to represent her in this matter and has assigned to counsel her right to obtain reimbursement for reasonable fees and costs.

## COUNT 1

## WILLFUL VIOLATION OF 15 U.S.C. § 1681g(a)(1)

28. Plaintiff adopts and incorporates paragraphs 1–27 as if fully stated herein.

29. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required to clearly and accurately disclose to Plaintiff all information in her consumer file at the time of her request.

30. Equifax willfully failed to clearly and accurately disclose the Debt Buyer Accounts by omitting the Original Creditor, account status, and full account numbers for each, despite reporting that same information for other tradelines within the same Disclosure.

31. Equifax's disparate treatment of substantially similar debt-related tradelines demonstrates that Equifax knowingly or recklessly disregarded its statutory obligations under 15 U.S.C. § 1681g(a)(1).

32. Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of her actual damages and statutory damages of up to $1,000 per violation, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant Equifax, awarding:

a. The greater of Plaintiff's actual damages and statutory damages of $1,000 per incident, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d. Such other relief that this Court deems just and proper.

## COUNT 2

## NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)(1)

1. Plaintiff adopts and incorporates paragraphs 1–27 as if fully stated herein.

2. Pursuant to 15 U.S.C. § 1681g(a)(1), Equifax was required to clearly and accurately disclose to Plaintiff all information in her consumer file at the time of her request.

3. Equifax negligently failed to clearly and accurately disclose the Debt Buyer Accounts by omitting the Original Creditor, account status, and full account numbers for each.

4. Equifax's conduct constitutes a negligent violation of 15 U.S.C. § 1681g(a)(1), entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant Equifax, awarding:

a. Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 28, 2026

Respectfully Submitted,

*/s/ Antranig Garibian*

**Antranig Garibian, Esquire**
Garibian Law Offices, P.C.
261 Old York Road, Unit 427
Jenkintown, PA 19046
*Counsel for Plaintiff*